[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff Benjamin Bonito, Jr., brings this action in eighteen counts against the defendants Christine Bonito and Chet Bonito, his adult children, and against sixteen limited liability companies of whom the individual defendants are members. The plaintiff alleges that the defendants purchased nineteen parcels of real property with funds provided by the plaintiff, or that the plaintiff transferred property to the defendants without consideration, all with the agreement that the parcels would be held by the defendants for the benefit of the plaintiff though not in the plaintiff's name. He alleges that he has demanded the return of the parcels of real estate along with the payout of the income produced by the real estate and that the defendants have refused to comply. The plaintiff claims that the properties were at all times being held in a resulting trust and prays for an order conveying the title of all parcels to him from the defendants, in addition to other relief.
The defendants admit that they own or have owned all of the subject parcels, but deny all of the remaining allegations: that the properties were purchased with funds supplied by the plaintiff and that any parcel was transferred or purchased with the agreement or intent that it be held for the plaintiffs benefit.
The defendants have moved for summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Conn. P.B. § 17-49. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party,Miller v. United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). CT Page 8529
The plaintiff has filed papers in opposition to the motion that include his own affidavit attesting to the fact that the funds to purchase seventeen of these parcels came from his own "personal business funds." As to the parcel at 124 Maple Street that is the subject of Count Eighteen, he states under oath in his affidavit the following:
 7. With regard to: Count Eighteen: 124 Maple: I obtained third party financing on behalf of Chet and Christina by way of a third party mortgage.
 22. With regard to: Count Eighteen: 124 Maple: All funds to purchase this property ($15, 209.00 purchase price) came from my personal business funds.
As to 430 Whalley Avenue that is the subject of Count Five, the plaintiff states the following in his affidavit: "10. . . . I did not sell this property to Christina for $200, 000."
The plaintiff has submitted affidavits from two other individuals — Karyn and Rose Ann Stettinger — who, in identical language, swear that they were present at a conversation in the Bonito family home sometime in 1992 and witnessed the plaintiff and the defendants reach an agreement "wherein properties would be acquired, transferred and held by Chet Bonito and Christina Bonito on behalf of Benjamin Bonito and Maria Bonito," the latter being the wife of the plaintiff and the mother of the defendants. The Stettinger affidavits contain an opinion by the two affiants that Christine Bonito had neither the income nor the experience to have acquired the real estate parcels on her own. The final document submitted by the plaintiff is an invoice for attorney fees from Attorney Sorrell Weiner, with accompanying time notations, showing that from August 1995 to April 1996 Christine Bonito met with her father's attorney in order to assist her father in providing documentation for an upcoming Internal Revenue Service audit.
The defendants in their papers submit an array of evidence in support of their contention that the plaintiff has no valid claim, either in law or in equity, to the real estate that they own. The deeds and mortgage documents all contain the names of at least one of the defendants as the holder of title to each parcel of real property, and none of the documents supports any ownership interest by the plaintiff. The defendants have provided affidavits that state how each parcel was acquired, all without any active or tacit agreement that the properties were actually being held for the plaintiffs benefit. In 1994, the plaintiff was convicted in federal court of bribery and conspiracy. After the unsuccessful appeal of his conviction, he entered federal prison where he served a sentence of approximately fourteen months. The CT Page 8530 defendants produced evidence at a prior hearing before this court, now memorialized in the papers of the defendants, that the plaintiff, as part of his pre-sentence investigation, swore to the federal court that sentenced him that no property of any kind was being held in trust for him. Now that his sentence has been served and, more significantly, now that the statute of limitations on making false statements has run, the plaintiff attempts to repudiate that statement.
Notwithstanding the compelling argument that the plaintiffs unclean hands should estop him from asserting a claim to these properties, this court cannot say that the defendants are entitled to judgment as a matter of law. The plaintiff swears that he provided money to the defendants to purchase properties with the clear understanding between the parties that the properties were to be held for his benefit. The defendants swear that this is not the case and that they are the owners of record and the owners of the equity. This dispute calls for a finding of fact that cannot be resolved by the court on summary judgment.
Accordingly, the Motion for Summary Judgment filed by the defendants is denied.
Patty Jenkins Pittman, Judge